**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-5186**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

RODREQUIS ARMANI COUNCIL,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:08-cr-00036-LHT-DLH-1)

---

Submitted:  August 12, 2009      Decided:  September 10, 2009

---

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Claire J. Rauscher, Executive Director, Raquel K. Wilson, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Edward R. Ryan, Acting United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodrequis Armani Council was convicted of interfering with interstate commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951 (2006), and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2006). The district court sentenced Council to 100 months' imprisonment. Council timely appealed, challenging the constitutionality of the Hobbs Act as applied to his case.

The Hobbs Act contains a jurisdictional element requiring a case-by-case determination regarding whether the defendant's conduct impacted interstate commerce. This jurisdictional requirement can be established by a minimal effect on interstate commerce. See 18 U.S.C. § 1951(a) (2006); United States v. Williams, 342 F.3d 350, 354 (4th Cir. 2003). Our review of the record shows that there was sufficient evidence to establish jurisdiction to prosecute.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2